## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOSHUA C. GEORGE

VERSUS

LT. S. LASSARD, ET AL

CIVIL ACTION

NO. 04-304-JJB-CN

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, November 8, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSHUA C. GEORGE**

**VERSUS**

**LT. S. LASSARD, ET AL**

**CIVIL ACTION**

**NO. 04-304-JJB-CN**

## MAGISTRATE'S
## REPORT AND RECOMMENDATION

This matter was scheduled for a settlement conference on October 16, 2007, per Order of September 19, 2207.  Pro se Plaintiff failed to appear for the conference and the Court issued a show cause order for October 26, 2007, for plaintiff to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the settlement conference.  Plaintiff failed to appear for the show cause hearing.

On October 26, 2007, the Court issued an Order for another show cause hearing for plaintiff to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the settlement conference and for failure to appear for the show cause hearing scheduled for October 26, 2007.  This hearing was scheduled for November 8, and Plaintiff again failed to appear when the case was called.

In accordance with Rule 16 and Rule 37 (b)(2)(C) of the Federal Rules of Civil Procedure,  a civil action may be dismissed by the Court for failure to comply with the Orders of the Court.  In the present case, plaintiff failed to comply with three (3) orders of this Court, i.e., the Order of September 19, the Order of October 16, 2007, and the Order of October 26, 2007.

Further, under Uniform Local Rule 41.3M, failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to a party or the court due to an incorrect address and no correct address is filed for a period of 30 days.   Plaintiff filed his complaint in May 2004, while he was incarcerated at B.B. "Sixty" Rayburn Correctional Center.  On April 23, 2007, plaintiff informed the Court that he was being released from custody of the D.O.C. on June 4, 2007, and requested that a settlement conference be scheduled.  The Court set the conference for October 16, 2007, by Order dated September 19, 2007.  As of this date, pro se plaintiff has not informed the Court of any change in address, although the record shows that the Order setting the settlement conference (Dkt. # 102), the Order setting the first show cause hearing (Dkt. #105); and the Order setting the second show cause hearing (Dkt. # 107) were all returned as "Undeliverable" with the reason "No Longer at WCI."

Finally, in accordance with Uniform Local Rules, Rule 41.3, a civil action may be dismissed by the Court for lack of prosecution, inter alia, where a cause has been pending six (6) months without proceedings being taken within such period.  See also, Rule 41(b),Federal Rules of Civil Procedure.   This provision shall not apply, however, if the cause is awaiting action by the Court.  In the present case, no matters are pending before the Court and plaintiff has failed to take any action in this matter since his request to have a settlement conference in April 2007, over 6 months ago.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial

would be ineffective because in the absence of the plaintiff, there can be no such trial or hearing.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case.  <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).

<b><u>RECOMMENDATION</u></b>

It is recommended that this matter be dismissed for failure to prosecute in accordance with Rule 41(b), Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3, and for failure to obey the orders of the Court in accordance with Rule 16 and Rule 37 (b)(2)(C) of the Fed. Rules of Civil Procedure.

Signed in chambers in Baton Rouge, Louisiana, November 8, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**